Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

United States Courts
~~Southern District of Texas~~
FILED

JUL 18 2024

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT

for the

District of

Division

)
)
O'Briana Felix )
)
_____ )
*Plaintiff(s)* )
*(Write the full name of each plaintiff who is filing this complaint.* )
*If the names of all the plaintiffs cannot fit in the space above,* )
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
)
-v- )
)
)
Home Depot )
)
_____ )
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names.)* )

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | O'Briana Felix |
| Street Address | 22102 Flashing Ridge Dr |
| City and County | Spring Tx    Harris County |
| State and Zip Code | TX 77389 |
| Telephone Number | 985 773 0862 |
| E-mail Address | BRIFELIX2@gmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name — Home Depot ~~Jermey Barbaa~~

Job or Title *(if known)* — District Manager

Street Address — 10707 North Fwy

City and County — Houston    Harris

State and Zip Code — TX 77037

Telephone Number — 512 299 3538

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Home Depot |
| Street Address | 10707 North Frwy |
| City and County | Houston Harris |
| State and Zip Code | TX 77037 |
| Telephone Number | 281-820 4745 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

         *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

         *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

         *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒      Other federal law *(specify the federal law)*:

☒      Relevant state law *(specify, if known)*:

☒      Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☒    Unequal terms and conditions of my employment.

☒    Retaliation.

☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

October 2022

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒    race    _____

☐    color    _____

☒    gender/sex    _____

☐    religion    _____

☐    national origin    _____

☒    age *(year of birth)*    1969    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)* _____

E.    The facts of my case are as follows. Attach additional pages if needed.

Please see ATTAched

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

**2023**

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          7/18/2024

Signature of Plaintiff

Printed Name of Plaintiff             O'BRIANA FELEY

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Overview: The Home Depot has policies written to prohibit discrimination, retaliation, and targeting/ harassment. However, District/Regional Managers, District/Regional Asset Protection Managers, District Operations Managers,

District/Regional Human Resource Managers are allowed and encouraged to use this policy as a façade while maintaining the exact behaviors of what the policy should prohibit. Additionally, the Aware Line mentioned has absolutely zero anonymity. It is disguised as such while all information necessary may and can end up in the possession of the aforementioned positions. Therefore, it is at the liberty of the informed to determine if the information is utilized to protect or utilized to undermine.

Background:

On June 19, 2017, I was rehired as a Store Co-Manager at the Home Depot. That title is indicative of and consistent with having the same responsibilities as a salaried leader with the position of Store Manager at The Home Depot. During my training, my presence was established at such a high level that it was determined by the district team that I should return to the original store (Store #6525) I initiated my training following my completion of my onboarding at a sister district store; changing my title from Co Store Manager to Store Manager, no promotional increase granted. Immediately preceding my assignment at 6525, was a former District Operations Manager (Gary Neie) who as a District Operations Manager, was responsible for the operations of approx. 12 stores.  This Store Manager was allowed to manage the same location with unacceptable metrics, functioning as a store with a notable performance positioning the store at approximately the 100th store out of 101; representing a bottom performer. In less than 6 months my team leadership elevated the store to # 16 out of approximately 101 stores. From 2017 to 2019, I was the selected store manager assigned to drive the operational performance of 10 stores, responsible for planning and executing the biyearly regional awards event while maintaining all responsibilities in my position as Store Manager. On or about 2019, I was chosen as the top performing store manager in my district and received the highest regional award possible, the Golden Apron. Additionally, I transferred to #6510 as one of 7 top performers in Online Overall Satisfaction, one of 10 top performers in VOC Shelf Availability and 1 of 10 top performers in LTSA. At the time there were approximately 108 store managers in the region and 11 store managers in my assigned district. My performance was again recognized by the Regional Vice President sending a note written on the front of the regional newsletter which highlights performance leaders.

*My wrongful termination was discriminatory and retaliatory.*

 The same performance that The Home Depot representative is attempting to massacre is what prompted the district and regional team to request my leadership as the sole store manager of store #6510. The district manager contacted me on or about May of 2020. I declined the transfer. The district manager and I revisited the conversation but this time he offered a monetary transfer incentive. This monetary incentive should have been offered initially because #6510 is identified as one of the top 20 most challenging stores in the region, according to the Regional Merchandising Manager who informed me almost 1 year following my transfer that the Regional Vice President BJ Powers refers to it as such.

The regional manager reached out to me during the same approximate time frame to request my leadership at store #6510 and I reported to that store on or about June 2020. Between 2020 and my wrongful termination in 2022, I was recognized with multiple platinum Orange Awards. Notably, it takes 12 plus single awards given for performance to earn 1 platinum. I earned multiple platinum awards. I was selected for the top performer's LAUNCH program and graduated successfully. I was the first Store Manager to successfully earn the inventory prep trophy and repeated the performance while operating one of the toughest 20 out of 100 stores in the Region. I was recognized as a top performing store manager through the mentor program; approved for

several top leaders to coach me throughout my years of development. This opportunity is never awarded to leaders with performance issues (see actual development Blueprint).

My district manager at the time of the wrongful dismissal, Jermy Botkin, accompanied with another DM entered my office, told me I was terminated immediately, handed me a small sticky note sized piece of paper with a number written on it and stated for me to call that number for separation information. The representative at the number given did not offer me severance to assist but instead offered me approximately $11,000 for remaining quiet about the wrongful termination. My statement is based on the response I received when I reached out to The Home Depot representative to request assistance with my resume preparation. The representative informed me via cell that my request was denied because I did not accept the severance.

*I maintain The Home Depot discriminated and retaliated against me, resulting in a wrongful termination.*

I was coached by many leaders to enhance my performance as an already recognized top performer (request to have EEOC require the calendars as exhibits for periods 2020 – 2021 from Regional HR Courtney Korkow (and assistant), Regional Vice President BJ Powers (and assistant), District HR Tammy Campbell, Regional PRO Ray Hinson, and my calendar listed under Obriana_felix@homedepot.com. The sessions that I am aware of were all coaching sessions to continue to strengthen my already existing high performing skill sets.

The Home Depot reminded all SM's in the enterprise (total company) to write schedules multiple weeks out because of the change in process. No individual coaching or counseling was rendered to me. I chose to exceed expectations by allowing my team to plan vacations a year out as a group to prevent conflicts and allow early communication with both their individual store teams as well as their families.

The unbalanced freight resulted from Home Depot's excessive allocation to stores. This explanation was emailed directly to me by the The Home Depot warehouse manager who oversees shipments. Please allow this to serve as a request to have EEOC require the emails sent to obriana_felix@homedepot.com from this associate and have the emails added as exhibits. Therefore, there was no one to blame and I blamed no one. Instead, I asked for assistance repeatedly only to be denied by Jermey Botkin. In direct contrast to denying to assist my store, he pulled me and several of my top performing associates to assist 2 of the 3 stores that he showed positive biases towards, The Woodlands #6516 was the first store. He required me to assist in getting the store to expected store standards as well as assist with stocking freight from prior trucks. He gave an edict for me to take 5 associates with me on or about 7/3/2022, along with 10 associates and myself on Tues, July 5, 2022, and 9 associates with me on July 6, 2022; totaling over 200 hours. This is only what I contributed. There were 9 additional store managers who brought additional associates. The store manager (white male) did not receive any documentation and had no plan even when we arrived to assist. To add insult, Jermey required me to formulate a plan, direct the execution of the plan as well as follow up on 1 of the most challenging categories in the Home Depot, Plumbing and Kitchen and Bath. Jermey received an award from the Regional Vice President for the total store execution as a result of our assistance. Additionally, I was told to assist store # 508. This is the other white male store manager that received positive bias from Jermey. Jermey gave me an edict to support Store #508 following my own store visit (the same day). I was told to bring 4 of my top performers on 8/9/2022 and 8/10/2022. There was such a lack of planning that two of the associates that accompanied me from my store had to assist in additional departments as a result of their excellent skill set in the Lumber dept (acquired under my leadership). This Store Manager (white male) was given recognition for his store prep performance.
Following those walks, I reminded Jermey during his visit at my store that he neglected to support my store in the same manner. Only then did he recognize the need to send additional support to my location #6510. Again,

no counseling nor coaching around this incident because it was not warranted. Furthermore, if my store was in need of such help, why was I taken out of my store to assist others?

*My termination was wrongful, discriminatory, and retaliatory.*

I Received an evaluation for the period 2/1/21 – 1/31/22

> *Received $107, 075.04 for total year performance rewards; $65, 979.61 was earned in the latter half of the period and included $16,000 of discretionary. My best performance merit ever.
> *Outpaced the district in 7 of 11 metrics listed
> *Landed double digits in the other categories aligned with the district performance
> * Fell below the district performance in 1 metric listed

*** Additionally, between 5/2020 and my wrongful termination date of 10/2022, I was awarded multiple sales achievement diamonds confirmed by tangible metrics and received from the accolades dept.


On or about 1/2022 I emailed a complaint to the district HR Ulanda Creighton referencing Liz Bolton's disrespectful behavior towards me. She hung the phone up while I was in mid conversation.

On or about 4/22 we conducted a meet and greet with Jermey Botkin. At this meet and greet the following took place

> *Jermey established his friendship with the Regional Operations Manager. (I included this example of nepotism to the Territory Associate Relations Manager, Merritt Alexander)
> *Liz Bolton poked fun at the fact of my introduction initiating when I was younger; attempting for those listening to connect my personal resilience in high school and shelters with the foundation for me to be driven to achieve as much as I had and planned to continue.

On or about April/May 2022, while having lunch with Jermey and Ulanda, I complained to both noting Liz Bolton called me articulate. Jermey responded by stating it was a compliment and Ulanda (Human Resource Manager) responded by informing Jermey (District Manager) that it was not a compliment to say that to black people. Additionally, during this same lunch, I explained to Jermey that the Operations Manager was not meeting expectations and Ulanda joined in and stated that she was "untouchable." This was reported to Territory Associate Relations Manager, Merritt Alexander. The Home Depot claims Liz Bolton's comment to me is alleged. This is not alleged. Liz acknowledged making the comment. I was offended. Jermey tried to cover for her by stating it was a compliment. To date, no one has apologized for the insult, and I strongly believe that making this complaint about one of Jermey's close friends was the foundation for my wrongful termination from the company.

On or about April/May 2022 Liz Bolton made a point to explain to me that when her car was inoperable, District Manager Jermey picked her up at her home to take her to a company meeting, ensuring that I understand their closeness.

No mention of poor performance coaching's nor poor performance counseling's by Jermey (District Manager), Liz (Multiunit Asset Protection Manager), Ulanda (Human Resource Manager). In direct contrast, the 1:1 high level grow in your position to prepare for your next role continued. (refer again to Development Blueprint)

On or around 8/22/2022 I requested the noted counseling (issued 8/12/2022) to be removed from my file and informed the Territory Associate Relations Manager (TARM) that I felt singled out. I continued with informing her that I was unsure if it was racism, or an unconscious bias.

As a result of my complaints, my store received an unwarranted, unannounced, scrutiny walk from the Divisional Safety Manager. Important to note, he was in my store free to roam and identify any and all infractions without interruption for approximately 45 minutes before I met up with him. He came in unannounced while I was conducting a district operations meeting. When I connected with him I inquired directly as to why he was suddenly (following my complaint) visiting my location. He informed me that it was an unusual visit because my store was not one of the bottom 50 performing stores but decided to come take a look. He also commended my execution for the safety docks and perimeter. To the dismay of the Regional VP, Regional Ops, District Manager and Multiunit Asset Protection Manager, he found minimal, noted in his recap via email. Also, in this email he made light of the subject by including a humorous photo of one of my associates. Please allow this to serve as a request to have EEOC require the emails sent to obriana_felix@homedepot.com from Divisional Safety Manager included as an exhibit. There were such minimal infractions found that the Regional Operations Manager or District Manager directed the Territory Operations Manager (TOM) back into my store unannounced to perform what he called a deep dive for safety. This was an obvious retaliatory behavior because a TOM is a lower ranking than a divisional associate. Also, the TOM had little to no interactions with stores around safety. This was an attempt to retaliate and collect on a nepotic relationship between the District Manager, Regional Operations Manager and TOM).

I inquired (to Jermey Botkin) why I was getting back-to-back unannounced visits and he replied by stating it could be due to my Voice of Associate results. Voice of Associates (VOA) is an internal 2-part associate survey that allows anonymous insight on what the associate views are towards leadership and store environment. The survey is graded as follows:

- ➢ Red – extreme opportunities and listed as a focus store – required performance improvement plan of documented store visits.
- ➢ Yellow – approaching red. Required store management plan of improvement but not listed as a focus store.
- ➢ Green – evident connection with both store associates and store leaders
- ➢ My store was one of 5 stores that resulted with both parts green; referenced as a double green store.
- ➢ On or about 7/6/2022 Michelle Sossaman was transferred to my location #6510. She violated a policy on 7/31/2022 less than thirty day of her forced transfer. This incident resulted in her termination from The Home Depot. Michelle was transferred to my store irrespective of my voiced concerns about her not being a good fit for the position. This was a discussion between Jermey and me. I also informed Jermey that the Night Operations Assistant Store Manager who she would report to aligned with my sentiments of her not being a good fit for the position.

I was informed that she was being transferred to my store regardless. Given my concerns, I can only conclude that I was set up for failure. On or about 7/9/22 I walked Michelle to review store standards, she stated that she was not trained on Grand Opening Ready standards. I communicated this to Jermey on or about 7/11/22. On 7/12/22 I reviewed the Prioritized Activity List (PALS) with Michelle and had her sign off upon completion. This was unnecessary because it should have been completed prior to her transferring to my store. It was required in the rollout of the position she held, Night Replenishment Manager. However, she informed me that she had never seen this either. Again, illustrating the retaliatory biases around the counseling issued to me by

Jermey Botkin. Michelle Sossaman should not have been in this position nor could not have received store keys without the proper training from Multiunit Asset Protection Manager (MAPM) Liz Bolton and the Store Manager assigned to store #6510 where she was transferred from. Nevertheless, Michelle was trained on required asset protection responsibilities. Training was confirmed by Les Smith (Divisional Asset Protection) and Ulanda Fulford-Creighton. Ulanda's confirmation came via email on or about 8/5/22. Please allow this to serve as a request to have EEOC require the emails sent to obriana_felix@homedepot.com from Ulanda Fulford-Creighton to be included as an exhibit. Additionally, my team was trained on the required training. Please see below:

 - ➢ Alerts/ stop signs on vault doors – Confirmed by Liz Bolton prior to the incident
 - ➢ Opening/ Closing (includes company declared necessary info around time lock), Serious Incidents (SIR) procedures, as well as Store Security– signed proof of training along with class photos sent to Regional Vice President and TARM on or around 8/18/2022. The class was instructed by the Territory Operations Manager.

I have never admitted to failing to train either leader. I did not give additional training that was not required because the district transferred all Assistant store Leaders and NRM's to my store as ready to go, already in place store leaders. As stated, to both the Regional VP and TARM, the training should be verifiable in their prior files and all store managers should be held accountable equally in our district if this is an actual requirement. To the best of my knowledge neither store manager was given formal documentation. To further support my claim of the wrongful termination it is evident in the The Home Depot representative's statement that the company is still sending false information. Please see below:

> The Home Depot representative states that I was coached on improving my job performance and following the company's policies and procedures as a result of failing to send the time lock for repair and refraining from having timely discussions. However, on Friday, September 23, 2022, 1:54:29 PM, Liz communicates via email confirming that the lock had been sent out and she requests confirmation from me that the leaders have been spoken to without stating a deadline. I acknowledge and outline the plan of discussions via email on September 23, 2022, 4:40. September 23, 2022 4:45, Allen Mejuto (district Manager of a sister district) creates a deadline of same day with no guarantee that I would reach those who were scheduled off. The September 23, 2022, 4:55pm, contrasting what Allen Mejuto communicated, Liz Bolton sends a communication approving a deadline of, "7pm September 23, 2022, September 24, 2022, and September 25, 2022." Therefore, even with leaders unavailable in store, I exceeded the expectation by communicating to all prior to Sunday, September 25, 2022. Please see the above listed September 23, 2022, email communications as exhibits.

> The company received multiple complaints from me...

 - ➢ Complaint - I emailed a complaint to the district HR Ulanda Creighton referencing Liz Bolton's disrespectful behavior towards me.
 - ➢ Complaint - Multiunit Asset Protection Manager Liz Bolton, out of the blue called me articulate. Which she admits and now is attempting to disguise the racially intended comment as complimentary. During the same meeting, I complained that the Operation's Manager was protected and was not meeting expectations. This was demonstrated by multiple audits executed by district operations, and she remained "untouchable" per the Human Resource Manager, Ulanda Creighton-Fulford.
 - ➢ Complaint – Sent two emails (one to Regional Vice President BJ and one to Territory Associate Relations Manager, Merritt alexander) noting unfair practices against me.

➢ Complaint – conversation with TARM noting that the unfair practices against me were either racially motivated or unconsciously biased. I also brought to her attention the specific nepotism in our region. I stated tangible examples because it was impacting the decision making. Those examples were as follows:

*Liz Bolton – Multiunit Asset Protection Manager – She investigated the vault incident with her husband who was the Regional Investigator. She was the MAPM who I complained against prior to the incident and her investigation resulted in my unfair counseling.

*I reminded the TARM that the Regional Operations Manager was the Supervisor over Jermey Botkin and had been instrumental in his career to the point that Jermey stated that she was like his mom

*I also informed the TARM that Liz Bolton made a point to inform me that her friendship with Jermey Botkin is so close that he gives her a ride to meetings when her car is inoperable, and her husband is on a business trip.

The aforementioned resulted in my wrongful termination on or about October 26, 2022.

# Please Note that my position (Store Manager) WAS immediately Replaced WIth a white MAle.